UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: CALIFORNIA WINE INORGANIC
LEVELS PRODUCTS LIABILITY LITIGATION                                   MDL No. 2632


**ORDER DENYING TRANSFER**


**Before the Panel**:[*]  Plaintiff in one action in the Middle District of Louisiana moves under 28 U.S.C. § 1407 to centralize this litigation in that district.  This litigation currently consists of two actions pending in two districts, as listed on Schedule A.  The actions allege that 28 producers and distributors of California wines have engaged in marketing and sales practices in violation of state laws by allegedly selling wines containing dangerous levels of inorganic arsenic without disclosing the arsenic levels or the health risks posed.  Since the filing of the motion, the Panel has been notified of two related actions against the same defendants.

Plaintiffs in the two related actions support centralization in the Middle District of Louisiana. Plaintiffs in the Northern District of Florida action support centralization, but request transfer to their district and propose as their second choice the Middle District of Louisiana.  All responding defendants oppose centralization.[1]  Alternatively, various defendants suggest centralization in the Central, Eastern, or Northern District of California.  The Panel also received an interested party response from plaintiffs in a related California state court action (*Charles*) in opposition to centralization.

On the basis of the papers filed and the hearing session held, we conclude that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation.  The actions clearly involve common factual issues concerning the alleged levels

---

[*]  Judge Sarah S. Vance and Judge Lewis A. Kaplan took no part in the decision of this matter.  Certain Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1]  Responding defendants are:  Sutter Home Winery, Inc.; Rebel Wine Co., LLC; Don Sebastiani & Sons International Wine Negociants Corp.; The Wine Group, Inc.; The Wine Group, LLC; Golden State Vintners; Varni Brothers Corp.; F. Korbel & Bros.; Constellation Brands U.S. Operations, Inc.; Megan Mason and Randy Mason d/b/a Mason Cellars; Oakville Winery Management Corp., GP; Treasury Wine Estates Americas Company; Treasury Wine Estates Holding, Inc.; Beringer Vineyards; California Natural Products; Smith & Hook Winery Corporation; Fetzer Vineyards; Bronco Wine Company; Winery Exchange, Inc.; Trader Joe's Company; Jean-Claude Boisset Wines, USA, Inc.; and Raymond Vineyard and Cellar, Inc.

of arsenic in defendants' wines and defendants' disclosure obligations under state laws. But there are only two actions on the motion pending in two districts, and movant's counsel is involved as counsel of record or coordinating counsel in the related actions. Moreover, the defendants are the same in all actions, and they have represented that they intend to coordinate the litigation in the few involved districts and California state court.

Where only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re: Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Plaintiffs have not met that burden here. These cases do not appear to be particularly complex, and as there are only two actions on the motion and two related actions involving a limited number of plaintiffs' counsel who already are working together, informal cooperation among counsel and coordination among the involved courts are, in our judgment, preferable to formal centralization. All actions are in their infancy, which will further facilitate informal coordination. Notices of deposition can be filed in all related actions; the parties can stipulate that, where appropriate, discovery taken in one action can be used in both actions; or the involved courts may direct the parties to coordinate their pretrial activities. *See In re: Crest Sensitivity Treatment & Protection Toothpaste Mktg. and Sales Practices Litig.*, 867 F. Supp. 2d 1348 (J.P.M.L. 2012). Thus, we encourage the parties to employ available alternatives to transfer, which may minimize the potential for duplicative discovery and inconsistent pretrial rulings. *See, e.g., In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

Although plaintiffs assert that the number of actions is likely to expand, the mere possibility of additional actions does not convince us that centralization is warranted.[2] Moreover, the present record does not support plaintiffs' conclusory assertions. Since the filing of the motion, only two related actions have been filed, which involve the same counsel and/or counsel working in coordination with movant.[3]

---

[2] *See In re: Intuitive Surgical, Inc., Da Vinci Robotic Surgical Sys. Prods. Liab. Litig.*, 883 F. Supp.2d 1339, 1340 (J.P.M.L.2012) (denying centralization, noting that "[w]hile proponents maintain that this litigation may encompass 'hundreds' of cases or 'over a thousand' cases, we are presented with, at most, five actions.").

[3] A number of defendants and the California state court plaintiffs argue that centralization should be denied based on circumstances allegedly indicating that movant's counsel caused the filing of the related actions before the Panel for the sole purpose of bolstering his motion. *See In re: CVS Caremark Corp. Wage & Hour Emp't Practices Litig.*, 684 F. Supp. 2d 1377, 1379 (J.P.M.L.2010) ("[T]he Panel's primary purpose is not to divine the motives and strategies of the various litigants . . . . Nevertheless, where a Section 1407 motion appears intended to further the interests of particular counsel more than those of the statute, we would certainly find less favor with it."). Here, we need not delve into movant's motives, as we have denied the motion on other grounds.

-3-

IT IS THEREFORE ORDERED that the motion for centralization of the actions listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Marjorie O. Rendell
Acting Chair

| Charles R. Breyer | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

IN RE: CALIFORNIA WINE INORGANIC ARSENIC
LEVELS PRODUCTS LIABILITY LITIGATION                    MDL No. 2632

## SCHEDULE A

Northern District of Florida

WASHINGTON, ET AL. v. THE WINE GROUP, INC., ET AL., C.A. No. 4:15-00163

Middle District of Louisiana

MARVIN v. THE WINE GROUP, INC., ET AL., C.A. No. 3:15-00176